

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. L. Edwards
County Attorney
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-1511
Re: Liability of amateur rodeo
exhibitions, conducted for social
rather than profit purposes, as
outlined, to the occupation tax
levied by Section 31, Article
7047, Vernon's Annotated Civil
Statutes.

By your letter of September 27, 1939, you request of
this Department an opinion upon the liability of certain amateur
rodeo exhibitions, conducted by local parties in your county, to
the occupation tax levied on rodeo exhibitions by Section 31,
Article 7047, Vernon's Annotated Civil Statutes. Inasmuch as the
proper answer to your question turns upon the exact manner in which
this rodeo exhibition is conducted, we quote fully from your letter
in this connection:

"It has been the custom in this county for several
years for various individuals to put on rodeos, wherein
bronco busting, rough riding, etc., are featured. They
are amateur exhibitions, indulged in by local parties
interested in such sports, and the performers receive no
compensation whatever for their performances, other than
an occasional prize. In other words, these rodeos are
held for the amusement of the performers. Usually, a
small gate admission is charged the public, ranging from
ten cents to twenty-five cents, which money is used for
the purpose of paying for the prizes, defraying the ex-
penses incident to holding the rodeo, etc. No profit is
received by any individual, nor is the rodeo put on for
the personal profit of any individual. It is similar to
a free-for-all barbecue for social purposes, where the
public contributes so much to defray the expenses.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Please advise us for the benefit of the Tax Collector, of this County, if these rodeos are subject to an occupation tax under Section 31, Article 7047, Revised Civil Statutes.

"I have been unable to find any cases, directly in point, but basing my opinion on my personal knowledge of these exhibitions, and the custom in this county, I have heretofore orally advised the Tax Collector that these rodeos were not subject to an occupation tax, bearing in mind that none of these performers are professionals, and all perform without pay, and the same being more or less in the nature of social gatherings."

The tax levy under consideration here, Section 31, Article 7047, Vernon's Annotated Civil Statutes, provides as follows:

"Rodeos.- From every rodeo exhibition wherein broncho busting, rough riding, equestrian, acrobatic feats and roping contests are performed or exhibited for which an admission fee is charged or received, a tax of Ten Dollars ($10.00) for each day or part thereof such rodeo is held or exhibited. This shall not apply to rodeos owned by private individuals and used only for training purposes, or in connection with agriculture fairs and exhibitions."

We have been unable, as you state you were, to find any authorities in Texas or other jurisdictions, bearing directly upon the question presented, and we are accordingly relegated to the bare text of the statute for the correct answer to your question.

It appears from your factual statement, hereinabove set out, that a small admission fee is charged the public, ranging from ten cents to twenty-five cents, which fee or gate charge is used for defraying the expenses incident to holding the rodeo. At first view, and considering only the strict letter of the taxing statute above quoted, it would seem that this admission charge would render the described rodeo exhibition subject to the tax. Under this approach to the question, the fact that, as pointed out by you, this admission charge does not go to enrich any individual but rather is used for providing prizes and paying expenses incident to/ the exhibition, would not take this particular exhibition out of the operation of the statute; because said statute does not provide that an admission fee must be charged or received for profit-making purposes but makes the mere charging or receiving of an admission fee a condition of taxability.

Hon. W. L. Edwards, Page 3

However, we do not believe such a conclusion, based upon the naked letter of the statute, would be in accordance with established canons of statutory construction or afford the result contemplated by the Legislature. The question presented is purely one of statutory construction, and in approaching it, we should be guided by the paramount rule that the intent of the lawmakers should be ascertained and effectuated. This rule applies to statutes generally, but here we have a tax measure, and we must be governed, additionally, by a rule of particular application to the effect that tax statutes are to be construed in favor of the taxpayer and against the State or other taxing authority.

Guided and assisted by these rules, we can only reach the conclusion that the Legislature did not, by the enactment of Section 31, Article 7047, Vernon's Annotated Civil Statutes, intend to levy an occupation tax upon a rodeo conducted as outlined in your letter, but intended rather to levy such tax upon rodeo exhibitions conducted with a view to profit, or as the <u>business</u> or <u>occupation</u> of the owners or sponsors of such exhibition.

This conclusion is impelled by an examination of Article 7047, Vernon's Annotated Civil Statutes, in its entirety. This article embraces some forty or more subdivisions, each concerning a certain occupation or business designed to be brought within the Act. Section 31, under consideration here, is one of these and should not, in construing same, be lifted out of the tax statute of which it is a part, but should be considered in connection with the beginning of Article 7047, Vernon's Annotated Civil Statutes, which reads as follows:

"There shall be levied on and collected from every person, firm, company or association of persons, <u>pursuing any of the occupations named in the following numbered subdivisions of this article</u>, an annual occupation tax, which shall be paid annually in advance except where herein otherwise provided, on every such occupation or separate establishment as follows:" (Underscoring ours)

Thus we see that Article 7047, Vernon's Annotated Civil Statutes, levies a tax upon certain named occupations. Our courts have defined "occupation," as the term is used in statutes relating to occupational taxes, to mean vocation, calling or trade; the business in which one engages to make a living or obtain wealth, profit being an essential element. 27 Tex. Jur. p. 896 (Licenses Sec. 50); State v. Austin Club, 89 Tex. 20, 33 S. W. 113, 30 L. R. A. 500; Stanford vs. State, 16 Tex. App. 331; Shed v. State, 70 Crim. Rep. 10, 155 S. W. 524; Love v. State, 31 Crim. Rep. 469, 20 S. W. 978; Williams v. State, 23 Tex. App. 499; 5 S. W. 136.

It would do violence not only to the authorities but to common sense to say that a rodeo, conducted by local amateurs for the annual edification and amusement of friends and neighbors, and with no consideration moving to the performers except love of the sport, a few spills, and a possible prize, is an "occupation," subject to taxation within the spirit and meaning of Article 7047, Vernon's Annotated Civil Statutes. You have correctly advised your tax collector that the described rodeo is not subject to this tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED NOV 14, 1939

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWT3
CHAIRMAN